UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GERALD I. HILL,

    Plaintiff,

v.                                           Civil Action No. 3:12CV357-JRS

HOUFF TRANSFER, INC.,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 6). Plaintiff Gerald I. Hill ("Hill") seeks damages against Defendant Houff Transfer, Inc. ("HTI") for violating the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* ("ADA"). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons discussed below, the Court hereby DENIES Defendant's Motion to Dismiss.

### I. BACKGROUND

Hill's Complaint contains the following factual allegations. In 1999, Hill began working for HTI, a freight distribution company, as a commercial truck driver. One requirement of Hill's employment with HTI was that Hill possess a commercial driver's license and satisfy the requirements of the United States Department of Transportation ("DOT"). On or about September 30, 2011, Hill claims that he experienced physical

discomfort and other symptoms while at work. After seeking medical treatment, he was diagnosed as having suffered a transient ischemic attack.[1] Then, after his treatment and a period of rest, his neurologist cleared him to return to work as a commercial driver. Upon further examination by his primary care doctor, he was cleared him to return to work under the DOT regulations.

Hill then informed HTI that he was prepared to return to work and provided documentation showing that he had been cleared by two healthcare providers. HTI insisted on a further examination by its approved physicians at Concentra Medical Center ("Concentra"). Dr. Saima Zaidi of Concentra issued a Medical Examiner's Certificate to Hill, determining that he was qualified to return to work as a commercial driver. Upon submitting these documents to HTI, his employer insisted on examination by a second doctor at Concentra. Dr. Charles[2] then examined Hill and, "without conducting any additional tests or obtaining any additional medical information concerning Hill," he concluded that Hill was not qualified to work as a commercial driver for a period of five (5) years. (Compl. ¶ 25.) Hill claims that he contacted HTI on or about October 14, 2011 to discuss how to proceed and was told that he was terminated, effective immediately, "as

---

[1] "A transient ischemic attack (TIA) is like a stroke, producing similar symptoms, but usually lasting only a few minutes and causing no permanent damage. Often called a mini stroke, a transient ischemic attack may be a warning. About 1 in 3 people who have a transient ischemic attack eventually has a stroke, with about half occurring within a year after the transient ischemic attack." Mayo Clinic Staff, Definition of Transient ischemic attack (TIA), The Mayo Clinic, http://www.mayoclinic.com/health/transient-ischemic-attack/DS00220 (last visited Oct. 15, 2012).

[2] HTI asserts that Hill's Complaint mistakenly refers to Dr. Richard M. Conyers as "Dr. Charles." (Def.'s Reply Mem. Supp. Mot. Dismiss 3 n.1.) For the purposes of this Motion, the second Concentra doctor to examine Hill will be referred to as "Dr. Charles."

2

he had suffered a [transient ischemic attack] and they believed he was not qualified to drive a commercial vehicle." (*Id.* ¶ 27.)

Hill maintains that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Virginia Council on Human Rights against HTI on or about December 5, 2011. On or about February 10, 2012, the EEOC issued a Dismissal and Notice of Rights letter to Hill. He then filed a Complaint in this Court on May 9, 2012, alleging wrongful discharge on the basis of disability, perceived disability and/or a record of disability in violation of the ADA. HTI now moves to dismiss for lack of subject matter jurisdiction on the ground that Hill failed to exhaust his available administrative remedies and, therefore, that this Court lacks jurisdiction. Alternatively, HTI argues that Hill's claim should be dismissed for failure to state a claim for which relief can be granted "because Hill has not alleged that he is 'otherwise qualified' as required for a *prima facie* case under the Americans with Disabilities Act." (Mot. Dismiss ¶ 2.)

## II. STANDARD OF REVIEW

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. If a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts in the complaint are presumed true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002). Alternatively, if the defendant argues that the jurisdictional facts in the complaint are untrue, "the Court may 'look beyond the jurisdictional allegations of the complaint

3

and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219. Consideration of evidence outside of the pleadings does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). In either case, the plaintiff bears the burden of proof to preserve jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint, rather than the facts supporting it. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The complaint need not assert "detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A court ruling on a Rule 12(b)(6) motion must take as true all of the plaintiff's well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

HTI first moves to dismiss Hill's claim on the ground that this Court lacks subject matter jurisdiction because Hill failed to exhaust his administrative remedies. HTI further moves to dismiss for failure to state a claim for which relief can be granted on the ground that Hill has not alleged that he is 'otherwise qualified' as required to establish a *prima facie* case under the ADA. Because the issue of jurisdiction before this Court is a threshold matter, the Court will first consider HTI's Motion to Dismiss pursuant to Fed.R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute").

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

In arguing that Hill failed to exhaust available administrative remedies, HTI cites regulations promulgated by the DOT, through the Federal Motor Carrier Safety Administration, concerning the minimum qualifications for commercial vehicle drivers and the corresponding duties of motor carriers. The regulations specify the physical qualifications that a driver must satisfy, *see* 49 C.F.R. § 391.41(b), and provide an appeal procedure in situations where a driver is deemed unqualified. In particular, HTI cites 49 C.F.R. § 391.47, providing that when there are conflicting medical evaluations, the driver may submit an application for resolution of the conflict to the Director of the Office of Bus and Truck Standards and Operations containing "proof that there is a disagreement

5

between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." § 391.47.

Hill counters that § 391.47 does not apply to this case because this regulation was designed to resolve conflicts regarding driver qualifications when the medical examiners for the applicant driver and the motor carrier disagree. In contrast, Hill maintains that § 391.47 does not address a situation such as this one, where "the medical examiner for an Applicant driver and the medical examiner for a motor carrier are actually in agreement and an additional medical examiner, ostensibly also acting on behalf of the motor carrier, disagrees with the first two." (Pl.'s Mem. Opp. Def.'s Mot. Dismiss 6.) Hill points out that there was no conflict among the medical examiners until HTI further required Hill to submit to a redundant examination.

The Court agrees that this case is factually distinguishable from the cases relied upon by HTI. There was no dispute of opinion that Hill was qualified to work as a commercial driver until HTI solicited a fourth opinion from a physician who ultimately disagreed with each of the previous opinions—including one by HTI's own approved medical examiner.

Nonetheless, the language of § 391.47 clearly indicates that an administrative resolution procedure is available when "there is a disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." § 391.47. Hill points to no case suggesting an exception from § 391.47 where there is *also* disagreement among the physicians for the motor carrier or some level of agreement between the physicians for the driver and for the motor carrier. This case does not

6

present the clear-cut scenario where the driver's doctors are in complete disagreement with the motor carrier's doctors. Instead, the dispute is between HTI's own physicians as well as Hill's. The fact that the Concentra doctor that HTI first consulted found Hill to be qualified speaks to the likely success that Hill would have in the administrative review process. However, it does not negate the fact that the plain language of § 391.47 makes this resolution process available in all cases where physicians for the driver and the motor carrier disagree. Here, such a disagreement exists, notwithstanding additional disagreement between HTI's own doctors, and so § 391.47's procedures apply.

Hill further argues that the opinion from Dr. Charles, the second medical doctor at Concentra, does not trigger the resolution process of § 391.47 because Dr. Charles never conducted additional testing or obtained additional medical information. Accordingly, Hill maintains that this final opinion was not based on a medical examination in compliance with the regulations in § 391.43, which outlines the necessary scope of medical examinations for qualifying drivers. Therefore, as Hill's argument goes, Dr. Charles's opinion should not be considered for the purposes of determining whether there was a conflict prompting resolution under § 391.47. HTI does not challenge the assertion that Dr. Charles relied on a "paper review" of Hill's medical records rather than a physical examination or testing, but cites cases from other jurisdictions finding § 391.47 applicable even where the motor carrier's doctor only performed a paper review. *See Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637 (8th Cir. 2003) (affirming the dismissal of plaintiff's ADA claims for failure to exhaust remedies under § 391.47 where the motor carrier's physician only reviewed the plaintiff's medical records before

7

concluding that the plaintiff was not qualified); *EEOC v. P.A.M. Transp., Inc.*, 09-CV-13851, 2011 U.S. Dist. LEXIS 100329, *8-9 (E.D. Mich. Sept. 7, 2011) ("there is nothing in [§ 391.47] suggesting that if the company's physician does not perform a physical examination, somehow the dispute is disqualified from the scope of this required procedure.")

While the cases cited by HTI are not binding on this Court, the Court agrees that §§ 391.43 and 391.47 do not mandate that the medical examiners perform a physical examination or testing in order to make an informed determination of a driver's qualifications. Again, the fact that Dr. Charles did not conduct additional tests or obtain further information before forming his opinion goes to the weight of his conclusion—not to the question of whether this medical opinion triggers § 391.47. For these reasons, the Court finds that § 391.47 did provide Hill with an administrative remedy that he has not yet pursued.

It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Cavalier Tel., LLC v. Virginia Elec. & Power Co.*, 303 F.3d 316, 322 (4th Cir. 2002) (citation omitted). "The rule of exhaustion is, however, 'like most judicial doctrines, subject to numerous exceptions.'" *Darby v. Kemp*, 957 F.2d 145, 147 (4th Cir. 1992) (quoting *McKart v. Bethlehem Shipbuilding Corp.*, 395 U.S. 185, 193-94 (1969)), *overruled on other grounds, Darby v. Cisneros*, 509 U.S. 137 (1993) and *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). Where the administrative remedies are not jurisdictional—such as those fashioned by regulation—

the Court has discretion to excuse exhaustion requirements. *Avocados Plus*, 370 F.3d at 1250-51. In relevant part, these exceptions include "futility of administrative review" and the "inadequacy of administrative remedies." *Darby*, 957 F.2d at 147 (citations omitted).

Hill argues that the remedies available under § 391.47 are inadequate in this case because the Director of the Office of Bus and Truck Standards and Operations does not have the authority to order HTI to rehire Hill, order HTI to compensate Hill for the time that Hill was unemployed, or to compensate Hill for any discriminatory acts made unlawful under the ADA. Given that HTI acknowledges these limitations on Hill's ability to get the relief he seeks through § 391.47 (*see* Def.'s Reply Mem. Supp. Mot. Dismiss 6-7), the Court finds that Hill's ADA claim falls within the recognized exceptions where administrative review would be "futile" or "inadequate." *Darby*, 957 F.2d at 147.

Of particular significance here, the DOT review procedures would not address Hill's ADA claims. The gravamen of Hill's theory is not simply that the disagreement between physicians should have been resolved in his favor, but that HTI discriminated against him in violation of the ADA when it sought a second opinion and credited it in the face of three divergent opinions. (Compl. at ¶ 39.) Indeed, he exhausted those administrative remedies required for him to bring such a discrimination claim by pursuing his charge with the EEOC. (*Id.* at ¶ 28.) Moreover, he seeks remedies only available through the ADA—not remedies available under the DOT review procedure.

Therefore, the Court DENIES Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B. Motion to Dismiss pursuant to Rule 12(b)(6)

In the alternative, HTI contends that Hill's claim should be dismissed under Rule 12(b)(6) for failure to state a claim, since Hill failed to allege that he was otherwise qualified for the position. To establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must prove that "(1) he has a disability; (2) he is otherwise qualified for the job in question; and (3) he was discharged solely because of his disability." *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 197 (4th Cir. 1997). Under the ADA, a qualified individual is a person who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Further, compliance with DOT safety requirements is an essential job function for a commercial driver. *See Campbell v. Federal Express Corp.*, 918 F.Supp 912, 920 (D. Md. 1996) (holding as a matter of law that plaintiff was unable to perform the essential functions of a Federal Express courier because plaintiff could not comply with a DOT regulation requiring that drivers be able to "power grasp" the steering wheel).

HTI argues that Hill has not established that he was otherwise qualified because Hill failed to allege that he exhausted the remedies available under § 391.47 in order to resolve the dispute over his qualifications to drive. However, because the Court has found that Hill is excused from the otherwise applicable requirement that he pursue administrative relief under § 391.47, Hill's failure to do so cannot be the basis of

10

dismissal for failure to state a claim under Rule 12(b)(6). On the contrary, Hill's Complaint plainly alleges that Hill was "prepared, able, and qualified, with or without reasonable accommodation, to return to work at [HTI]." (Compl. ¶¶ 23, 33-35.) Hill alleges that he repeatedly told HTI representatives that he was prepared to return to work and provided to HTI documentation from three medical examiners, including one healthcare provider requested by HTI, that he was qualified to continue working as a commercial driver. (Compl. ¶¶ 14-21.) Accordingly, the Court rejects HTI's argument that Hill has failed to state a *prima facie* claim of disability discrimination under the ADA. Therefore, the Court DENIES Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## V. CONCLUSION

For these reasons, the Court DENIES the Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

An appropriate Order shall issue.

/s/
Henry E. Hudson
United States District Judge

Dated: Oct 15, 2012
Richmond, Virginia

11